# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CAPITOL INFRASTRUCTURE, LLC, et al.,[1] | Case No. 12-11362 (KG) |
| Debtors. | (Jointly Administered) |
| | Related Docket No. 83 |

## ORDER (I) APPROVING SALE PROCEDURES FOR OTHER ASSETS; (II) SCHEDULING A HEARING TO CONSIDER SALE OF OTHER ASSETS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Capitol Infrastructure, LLC, on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for an order (this "Order") (i) establishing sale procedures (the "Other Asset Sale Procedures"), substantially in the form annexed hereto as **Exhibit 1**, with respect to the sale or sales (the "Sale" or "Sales") of certain of the Debtors' assets (the "Other Assets"); (ii) scheduling a hearing (the "Other Asset Sale Hearing") on the Sale(s) of the Other Assets and setting objection and bidding deadlines with respect to the Sale(s); (iii) directing that notice of the Other Asset Sale Procedures and the Sale(s) be given, substantially in the form annexed hereto as **Exhibit 2** (the "Other Asset Sale Notice"); and the Court having reviewed pleadings filed by

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): Accelera Services, LLC (6589); Amenity Broadband, LLC (7012); BA Infrastructure SPE, LLC (6610); Baldwin County Internet/DSSI Service, L.L.C. (8858); Broadstar, LLC (8917); Capitol Broadband Development Company, LLC (4515); Capitol Broadband Management Corporation (4260); Capitol Broadband Ventures, LLC (3976); Capitol Infrastructure, LLC (0323); Capitol Infrastructure CP Funding, LLC (1008); CB Infrastructure SPE, LLC (4470); Infrastructure SPE, LLC (1144); and SmartResort Co., LLC (3706). The Debtors' corporate headquarters is located at 111 Corning Road, Suite 250, Cary, NC 27518.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

#16043532 v5

counsel to the Debtors, and based on all of the evidence, including any evidence proffered at a hearing regarding the Other Asset Sale Procedures held this date (the "Other Asset Sale Procedures Hearing"), representations and offers of proof made by counsel, and argument of counsel; and on the entire record of the Other Asset Sale Procedures Hearing; and any objections having been filed having been resolved, withdrawn, or overruled, and there appearing good cause therefor:

IT IS HEREBY FOUND AND CONCLUDED, pursuant to Rules 7052 and 9014 of the Bankruptcy Rules, that:

A. On April 26, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

C. Notice of the Motion, and opportunity to be heard with respect to the Motion and the Other Asset Sale Procedures, was proper, timely, adequate, and sufficient, meets the

requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, is reasonably calculated to give actual notice of the relief contemplated hereby, and is appropriate under the circumstances, and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice.

D. Approval of the Other Asset Sale Procedures is in the best interest of the Debtors, their estates, their creditors, and other parties in interest. The Debtors' determination to propose and to agree to such provisions is within their reasonable business judgment.

E. There is a need to have the Other Assets Auction of the Other Assets proceed as rapidly as possible.

WHEREUPON, IT IS HEREBY ORDERED THAT:

### Approval of Other Asset Sale Procedures; Notices

1. The Motion is GRANTED as set forth herein.

2. To the extent that there is any conflict between the provisions of this Order and the provisions of the Motion, the terms of this Order shall control.

3. The Other Asset Sale Procedures annexed hereto as <u>Exhibit 1</u> shall be, and hereby are, approved and shall apply with respect to the Sale(s); provided, that the Debtors may make non-substantive changes and corrections to the Other Asset Sale Procedures after the entry of this Order. The Other Assets Sale Notice, annexed hereto as <u>Exhibit 2</u>, as such notice may be amended appropriately to conform with the provisions of this Order, shall be, and hereby is, approved.

4. All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservation of rights included therein, hereby are overruled

and denied on the merit.

5.    Within one business day of the entry of this Order, the Debtors shall serve by first-class mail, postage pre-paid the Other Asset Sale Notice upon (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: David L. Buchbinder; (ii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), to the extent one has been formed; (iii) the Debtor's thirty (30) largest creditors; (iv) counsel to UniCredit Bank AG (the "DIP Lenders"), (a) Mayer Brown LLP, 1675 Broadway, New York, New York 10019-5820, Attn: Howard S. Beltzer, and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Mark D. Collins; (v) counsel to the Capital Bank, (a) Poyner Spruill LLP, 301 Fayetteville Street, Suite 1900, Raleigh, North Carolina 27601, Attn: Lisa P. Sumner, and (b) Poyner Spruill LLP, 301 S. College Street, Suite 2300, Charlotte, North Carolina 28202, Attn: Timothy W. Griffin; (vi) counsel to Bank of America, N.A., Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202-4003, Attn: Stephen E. Gruendel; (vii) all entities known to have expressed an interest in a transaction with respect to the Other Assets or that have been identified by Debtors or their advisors as a potential purchaser of the Other Assets; (viii) all counterparties to any executory contracts or leases; (ix) all creditors and parties in interest with a claim against or in respect of, or lien upon, the Other Assets; (x) each affected Governmental Body, including the Internal Revenue Service and all state Attorney Generals; (xi) all parties asserting a security interest in the assets of the Debtors to the extent reasonably known to the Debtors; (xii) all parties (or counsel therefor), if any, who are known to claim interests in any executory contracts or leases; (xiii) all parties that have filed and not withdrawn requests for

notices pursuant to Bankruptcy Rule 2002; (xiv) certain property managers and (xv) to the extent not included above, all parties on the Debtors' creditor matrix (the "Notice Parties").

6. The form and manner of notice set forth in the preceding paragraph, and with respect to counter-parties to Assumed Contracts, set forth below, is reasonable and sufficient to provide effective notice to all interested parties and shall be, and hereby is, approved as sufficient notice of the Other Asset Sale Procedures, the Other Asset Sale Hearing, the Motion and all relief (not granted or otherwise addressed by this Order) contemplated thereby, and the assumption or assignment of the Assumed Contracts.

7. Objections to the Motion (except as related to this Order) must: (a) be in writing; (b) state the legal and factual basis for such objection; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the Bankruptcy Court; and (e) be served on (i) counsel to the Debtors, Wyrick Robbins Yates & Ponton LLP, 4101 Lake Boone Trail, Suite 300, Raleigh, NC 27607, Attn: Larry E. Robbins and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: David L. Buchbinder; (iii) counsel to the DIP Lenders, UniCredit Bank AG, (a) Mayer Brown LLP, 1675 Broadway, New York, New York 10019-5820, Attn: Howard S. Beltzer, and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Mark D. Collins; (iv) counsel to the Capital Bank, (a) Poyner Spruill LLP, 301 Fayetteville Street, Suite 1900, Raleigh, North Carolina 27601, Attn: Lisa P. Sumner, and (b) Poyner Spruill LLP, 301 S. College Street, Suite 2300, Charlotte, North Carolina 28202, Attn: Timothy W. Griffin; (v) counsel to Bank of America, N.A., Moore & Van Allen PLLC, 100 North Tryon Street, Suite

4700, Charlotte, North Carolina 28202-4003, Attn: Stephen E. Gruendel; and (vi) counsel to the Committee, to the extent one is formed (collectively, the "Objection Notice Parties"), so as to be received no later than 4:00 p.m. (Prevailing Eastern Time), on **June 7, 2012**, (the "Objection Deadline").

### Procedure for Assumption and Assignment of Executory Contacts

8. In connection with the Sale(s), the Debtors will seek to assume, assign, and/or transfer to the ultimate purchasers of the Other Assets certain executory contracts and unexpired leases (the "Executory Contracts and Leases"). In connection with the proposed assumption, assignment, and/or transfer of the Executory Contracts and Leases, the Debtors will prepare a schedule of the Executory Contracts and Leases that they believe they may assume, assign and/or transfer in a Sale or Sales of the Other Assets, as well as the amounts that the Debtors believe are necessary to cure any default under such agreements pursuant to section 365 of the Bankruptcy Code (the "Cure Amounts").

9. No later than May 14, 2012, the Debtors will file and serve by first-class mail, postage pre-paid, on each non-debtor counterparty to the Executory Contracts and Leases, at the last known address available to the Debtors, a notice (the "Assumed Contract Notice") identifying the Executory Contracts and Leases proposed to be assumed and the proposed Cure Amounts. The Debtors propose that if any counterparties to an Executory Contract or Lease wish to object to a proposed Cure Amount ("Cure Amount Objection") they must do so on or prior to 4:00 p.m. (prevailing Eastern Time) on **May 24, 2012** or such later date as the Debtors may agree (the "Cure Amount Objection Deadline"), and such Cure Amount Objection must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be

filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 by the Cure Amount Objection Deadline, and (d) be served by first class mail, overnight mail ~electronic mail~ or courier so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) counsel to the Debtors, Wyrick Robbins Yates & Ponton LLP, 4101 Lake Boone Trail, Suite 300, Raleigh, NC 27607, Attn: Larry E. Robbins and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, DE 19801, Attn: David B. Stratton; (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: David L. Buchbinder; (iii) counsel to the DIP Lenders, UniCredit Bank AG, (a) Mayer Brown LLP, 1675 Broadway, New York, New York 10019-5820, Attn: Howard S. Beltzer, and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn.: Mark D. Collins; (iv) counsel to the Capital Bank, (a) Poyner Spruill LLP, 301 Fayetteville Street, Suite 1900, Raleigh, North Carolina 27601, Attn: Lisa P. Sumner, and (b) Poyner Spruill LLP, 301 S. College Street, Suite 2300, Charlotte, North Carolina 28202, Attn: Timothy W. Griffin; (v) counsel to Bank of America, N.A., Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202-4003, Attn: Stephen E. Gruendel; and (vi) counsel to the Committee (collectively, the "Objection Notice Parties").

10. Unless the non-debtor party to a Contract listed in the Assumed Contract Notice files a Cure Amount Objection on or before the Cure Amount Objection Deadline, such non-debtor party shall (i) be forever barred from objecting to the Cure Amount, which such Cure Amount shall be deemed final and conclusive, (ii) be forever barred from asserting any additional cure or other amounts with respect to such Executory Contract or Lease and the

Debtors shall be entitled to rely solely upon the Cure Amount, and (iii) be forever barred and estopped from asserting or claiming that any additional amounts are due.

11. If an Executory Contract and Lease is included in any Successful Bid or Next Highest Bid, the Debtors shall within one business day after the conclusion of the Other Assets Auction, file with the Bankruptcy Court a notice (the "Assignment Contract Notice") identifying the Successful Purchaser(s) and/or Next Highest Bidder(s) and the Executory Contracts and Leases that such Successful Purchaser(s) and/or Next Highest Bidder(s) will seek to take assignment from Debtors upon the Closing(s) of the Sale(s). The Debtors shall serve such the Assignment Contract Notice by first class mail, overnight courier or facsimile to the non-Debtor parties to such Executory Contracts and Leases.

12. The Debtors propose that if any counterparty to an Executory Contract or Lease wishes to object to the potential assignment of the applicable Executory Contract or Lease (an "Assignment Objection") solely on the issue of whether the Successful Purchaser(s) or Next Highest Bidder(s) can provide adequate assurance of future performance as required by Section 365 of the Bankruptcy Code, they must do so on or prior to 12:00 p.m. (prevailing Eastern Time) on **June 11, 2012** or such later date and time as the Debtors may agree (the "Assignment Objection Deadline") and such Assignment Objection must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 by the Assignment Objection Deadline, and (d) be served by first class mail, [electronic mail,] overnight mail or courier so as to be received no later than 12:00 p.m. (prevailing Eastern Time) on the same day, upon the Objection Notice Parties, and the Successful Purchaser(s) or Next

Highest Bidder(s), as applicable. All Assignment Objections must include objections to assumption and assignment on all grounds. Unless the non-debtor party to an Executory Contract or Lease listed in the Assignment Contract Notice files an objection on or before the Assignment Objection Deadline, such non-debtor party shall be deemed to have consented to the assumption and assignment of such Executory Contract or Lease and shall be forever barred and estopped from asserting or claiming that any additional conditions to assumption and assignment must be satisfied under such Executory Contract or Lease, including, but not limited to, the ability of the applicable Successful Purchaser or Next Highest Bidder to provide adequate assurance of future performance as required by Section 365 of the Bankruptcy Code.

13.  If the objecting non-bankruptcy party and the Debtors are not able to resolve such party's Cure Amount Objection or Assignment Objection prior to the Other Assets Sale Hearing, the Debtors will seek resolution of the matter at or before the Other Assets Sale Hearing or such other date as the Court may direct. If the Bankruptcy Court determines that the cure amount required to assume and assign an Executory Contract or Lease exceeds the Cure Amount stated in the Assumed Contract Notice with respect to such Executory Contract or Lease, the applicable Successful Purchaser and/or Next Highest Bidder may elect not to take an assignment of such Executory Contract or Lease.

14.  On the Closing of the Sale(s) of the Other Assets(s), and pursuant to the Other Assets Sale Order (as it shall have become a Final Order), any other Final Order of the Bankruptcy Court and/or the consent of the applicable counterparties to the extent necessary to effect the assignment pursuant to section 365 of the Bankruptcy Code, each applicable Debtor shall assume and assign to the Successful Purchaser(s) or Next Highest Bidder(s), as the case

may be, and the Successful Purchaser(s) or Next Highest Bidder(s), as the case may be, shall assume from each applicable Debtor, the Assumed Contracts with respect to the applicable Other Assets(s) being purchased.

### Final List of Assumed Contracts

15. The Debtors shall promptly file with the Bankruptcy Court a complete and final list of the Assumed Contracts.

### Other Asset Auction & Sale Hearing

16. A Qualified Bidder that desires to make a bid shall comply with the requirements set forth in the Other Asset Sales Procedures for making such a bid.

17. The Other Asset Auction shall take place at the offices of Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, P.O. Box 1709, Wilmington, DE 19899-1709 on **June 4, 2012, at 10:00 a.m.** (Prevailing Eastern Time) or at such other date and time as the Debtors shall notify all Qualified Bidders, counsel to the Committee, if any, counsel to the DIP Lenders, and other invitees.

18. The Debtors shall have the right to reject any and all bids that do not conform with the Other Asset Sales Procedures, subject to the provisions of this Order.

19. The Other Asset Sale Hearing will be conducted on **June 14, 2012 at 10:00 a.m.** (prevailing Eastern Time). The Debtors will seek entry of an order of the Court at the Other Asset Sale Hearing approving and authorizing the sale of the Other Assets to the Successful Purchaser(s). The Other Asset Sale Hearing may be continued from time to time without further notice, other than announcements made in open court or a notice of adjournment filed with the Court and served on the Core Notice Parties (defined below).

### General

20.     Nothing in this Sale Procedures Order shall abrogate or otherwise release any of DISH Network L.L.C.'s ("DISH") rights under law or at equity to challenge the assumption and assignment or transfer of any of the Debtors' interests in the DISH Network Assets and DISH subscriber payments, including without limitation, with respect to the Debtors' obligation to cure all defaults and provide adequate assurance of future performance with respect to DISH contracts to the extent required pursuant to section 365(b) of the Bankruptcy Code and with respect to DISH's contention that the DISH contracts and DISH subscriber payments are not assignable under applicable law.

21.     Notwithstanding anything in the Other Assets Sale Procedures or the executed confidentiality agreements entered into by and among a Potential Purchaser and the Debtors, [or its agents, consultants, contractors or other representatives], nothing shall prohibit a Potential Purchaser or any non-debtor contract counter-party from discussing with any [new or existing] content provider, the transition or continuation of services in connection [or the possible rejection of any contract] with the Sale, and no liability shall result from such discussions; provided, however, that (i) any and all claims against content providers arising pre-petition are fully preserved and (ii) such discussions fully comply with section 363(n) of the Bankruptcy Code.

22.     Notwithstanding anything herein, in the Other Assets Sale Order, or the bid by the Successful Purchaser, the Purchased Assets shall not include claims or causes of action arising under Chapter 5 of the Bankruptcy Code against the Debtors' Insiders (as that term is defined in section 101(31) of the Bankruptcy Code), it being understood that any employees subsequently employed by the Successful Purchaser shall not be considered Insiders.

23.     As provided in Bankruptcy Rule 6004(h) and 6006(d), this Order shall not be

stayed after the entry hereto and shall be effective and enforceable immediately upon the entry hereof.

24. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the conclusions of law set forth herein constitute findings of fact, they are adopted as such.

25. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law set forth herein constitute findings of fact, they are adopted as such.

26. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

27. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

28. Within one (1) business days following entry of this Order, the Debtors will serve it via first class mail upon: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: David L. Buchbinder; (ii) counsel to the Committee, to the extent one has been formed; (iii) the Debtor's thirty (30) largest creditors; (iv) counsel to the DIP Lenders, UniCredit Bank AG, (a) Mayer Brown LLP, 1675 Broadway, New York, New York 10019-5820, Attn: Howard S. Beltzer, and (b) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Mark D.

#16043532 v5

Collins; (v) counsel to the Capital Bank, (a) Poyner Spruill LLP, 301 Fayetteville Street, Suite 1900, Raleigh, North Carolina 27601, Attn: Lisa P. Sumner, and (b) Poyner Spruill LLP, 301 S. College Street, Suite 2300, Charlotte, North Carolina 28202, Attn: Timothy W. Griffin; (vi) counsel to Bank of America, N.A., Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202-4003, Attn: Stephen E. Gruendel; (vii) all entities known to have expressed an interest in a transaction with respect to the Other Assets or that have been identified by Debtors or their advisors as a potential purchaser of the Other Assets; (viii) all parties that have filed and not withdrawn requests for notices pursuant to Bankruptcy Rule 2002; (ix) all state Attorneys General and (x) certain property managers ("Core Notice Parties").

29. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 15, 2012
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

#16043532 v5