B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT

### District of Delaware

In re: __Capitol Infrastructure, LLC_____,     Case No. __12-11362 (KG)_____
<span style="padding-left:2em">Debtor</span> <span style="padding-left:20em">(if known)</span>

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

---

**1.    Income from employment or operation of business**

None ☐

      State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

<table>
<tr><td>AMOUNT</td><td>SOURCE</td></tr>
</table>

See exhibit 1

**2.   Income other than from employment or operation of business**

None

☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                          SOURCE

---

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

☑

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR     DATES OF        AMOUNT        AMOUNT
                                 PAYMENTS        PAID          STILL OWING

None

☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

NAME AND ADDRESS OF CREDITOR          DATES OF         AMOUNT        AMOUNT
                                      PAYMENTS/        PAID OR       STILL
                                      TRANSFERS        VALUE OF      OWING
See exhibit 3.b                                        TRANSFERS

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None

☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

See exhibit 3.c

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None

☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

See exhibit 4.a

None

☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

See exhibit 4.b

---

**5. Repossessions, foreclosures and returns**

None

☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

4

**6.    Assignments and receiverships**

None 

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None 

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7.    Gifts**

None 

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.    Losses**

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

See exhibit 9

---

**10.  Other transfers**

None ☐

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

See exhibit 10.a

None 

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

6

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☐ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

See exhibit 13

**14. Property held for another person**

None ☐ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

See exhibit 14

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

> *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

> *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

See exhibit 18.a

None
☑    b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                          ADDRESS

_____

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

_____

**19.  Books, records and financial statements**

None
☐    a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                          DATES SERVICES RENDERED

See exhibit 19.a

None
☐    b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

See exhibit 19.b

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

         NAME                                          ADDRESS

       See exhibit 19.c

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

         NAME AND ADDRESS                             DATE ISSUED

        See exhibit 19.d

---

**20. Inventories**

None ☑    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

None ☑    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN |
| DATE OF INVENTORY | OF INVENTORY RECORDS |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☑    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |

      See exhibit 21.b

---

**22 . Former partners, officers, directors and shareholders**

None
☑
  a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

        NAME                     ADDRESS         DATE OF WITHDRAWAL

None
☐
  b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

        NAME AND ADDRESS        TITLE         DATE OF TERMINATION

See Exhibit 22 b.

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

See exhibit 23 and exhibit 3.c

---

**24. Tax Consolidation Group.**

None
☐
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| Capitol Broadband, LLC | 92-0193890 |

---

**25. Pension Funds.**

None
☑
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND       TAXPAYER-IDENTIFICATION NUMBER (EIN)

\*   \*   \*   \*   \*   \*

read

I declare under penalties of perjury that I have the answers contained in the foregoing statement of
financial affairs any any attachments thereto and that they are true and correct to the best of my
knowledge inforamation and belief.

Date: _5 / 25 / 12_  Signature _____

Print Name and Title: Glen D. Lang, Manager, Capitol Infrastructure,
LLC, a North Carolina Limited liability company

Exhibit to B7

1. Income from operations

In re CAPITOL INFRASTRUCTURE LLC
Debtor

Case No. <u>12-11362 (KG)</u>
(If known)

| Entity | 2010 | 2011 | 2012 | Source |
|---|---|---|---|---|
| | 16,653,463.79 | 20,815,458.26 | 2,778,004.47 | Infrastructure rent revenue |
| | 759,267.42 | 1,101,330.46 | 302,167.84 | Management fee - Laguna |
| | - | 225,463.00 | 243,799.00 | Management fee - BA Infrastructure and CB Infrastructure |
| | - | 266,196.00 | 256,997.00 | Satellite fee-BA Infrastructure and CB Infrastructure |
| | 477,583.12 | 429,217.47 | 146,836.85 | Other revenue |
| | 1,233.13 | 4,384.04 | 598.76 | Interest income |
| | 351,038.00 | 577,306.00 | 193,576.89 | CPF service fee |
| | (1,329,688.20) | (9,368.66) | - | Gain (loss) on sale of assets |
| Capitol Infrastructure, LLC dba Connexion Technologies | 16,912,897.26 | 23,409,986.57 | 3,921,980.81 | |

CAPITOL INFRASTRUCTURE LLC

Exhibit to B7

In re CAPITOL INFRASTRUCTURE LLC,
Debtor

Case No. 12-11362 (KG)
(if known)

| Vendor Name | | Amount paid | Date | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIPCODE |
|---|---|---|---|---|---|---|---|---|
| Accelera, LLC | | 634,502.00 | 1/30/2012 | 111 Corning Road | Suite 250 | Cary | NC | 27518 |
| Accelera, LLC | Total | 634,502.00 | | | | | | |
| BCEB Consulting | | 11,534.12 | 2/8/2012 | 2831 St. Rose Parkway, Suite 200 | | Henderson | NV | 89052 |
| BCEB Consulting | Total | 11,534.12 | | | | | | |
| Blue Cross Blue Shield of North Carolina | | 46,708.95 | 1/31/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 25,052.47 | 3/8/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 106,294.33 | 2/23/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 45,319.31 | 2/16/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 8,298.66 | 2/7/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 46,593.19 | 3/1/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 51,493.65 | 3/15/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 29,000.00 | 3/23/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 29,000.00 | 3/30/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | | 80,026.05 | 4/11/2012 | PO Box 2291 | | Durham, | NC | 27702-2291 |
| Blue Cross Blue Shield of North Carolina | Total | 467,786.61 | | | | | | |
| Brickell Bay Commercial LLC | | 31,520.41 | 2/8/2012 | 100 South Biscayne Blvd | Suite 900 | Miami | FL | 33131 |
| Brickell Bay Commercial LLC | Total | 31,520.41 | | | | | | |
| Casa Del Monte MHP, LLC | | 6,119.42 | 2/8/2012 | 300 E. Maple Road | Suite 200 | Birmingham | MI | 48009 |
| Casa Del Monte MHP, LLC | Total | 6,119.42 | | | | | | |
| Chatham County Tax Commissioner | | 16,820.79 | 2/2/2012 | 133 Montgomery Street, 1st Floor | | Savannah, | GA | 31412 |
| Chatham County Tax Commissioner | Total | 16,820.79 | | | | | | |
| Colonial Life | | 9,236.26 | 2/20/2012 | Processing Center | P.O. Box 1365 | Columbia | SC | 29200-1365 |
| Colonial Life | | 8,417.45 | 4/6/2012 | Processing Center | P.O. Box 1365 | Columbia | SC | 29200-1365 |
| Colonial Life | Total | 17,653.71 | | | | | | |
| Douglas County Tax Commissioner | | 9,741.20 | 2/2/2012 | P.O. Box 1177 | | Douglasville | GA | 30133 |
| Douglas County Tax Commissioner | Total | 9,741.20 | | | | | | |
| Dream Island MHP Limited Partnership, LLLP | | 21,000.00 | 2/8/2012 | 2 West Dry Creek Circle | Suite 200 | Littleton | CO | 80120 |
| Dream Island MHP Limited Partnership, LLLP | Total | 21,000.00 | | | | | | |
| D. R. Horton, Inc. | | 6,223.35 | 2/8/2012 | Attn: Christy Allen | 5850 T.G. Lee Blvd Ste #600 | Orlando | FL | 32822 |
| D. R. Horton, Inc. | Total | 6,223.35 | | | | | | |
| DR Horton | | 6,465.00 | 2/8/2012 | 9456 Phillips Highway | Suite 1 | Jacksonville | FL | 32256 |
| DR Horton | Total | 6,465.00 | | | | | | |
| Fennemore Craig, P.C. | | 6,154.00 | 2/2/2012 | 3003 North Central Avenue | Suite 2600 | Phoenix | AZ | 85012-2913 |
| Fennemore Craig, P.C. | Total | 6,154.00 | | | | | | |
| Eric Fichtner | | 7,708.65 | 2/9/2012 | | | | | |
| Eric Fichtner | Total | 7,708.65 | | | | | | |
| Fish N Wire | | 7,256.00 | 2/9/2012 | 4504 Anchor Lane | | Orange Beach | AL | 36561 |
| Fish N Wire | Total | 7,256.00 | | | | | | |
| Golden Rain Foundation of Laguna Woods | | 40,340.59 | 1/31/2012 | 24351 El Toro Rd. | | Laguna Woods | CA | 92637 |
| Golden Rain Foundation of Laguna Woods | | 16,700.99 | 2/23/2012 | 24351 El Toro Rd. | | Laguna Woods | CA | 92637 |
| Golden Rain Foundation of Laguna Woods | | 86,000.00 | 3/29/2012 | 24351 El Toro Rd. | | Laguna Woods | CA | 92637 |
| Golden Rain Foundation of Laguna Woods | | 6,000.00 | 3/29/2012 | 24351 El Toro Rd. | | Laguna Woods | CA | 92637 |
| Golden Rain Foundation of Laguna Woods | Tota | 149,041.58 | | | | | | |
| Greenspoon Marder, P.A. | | 5,507.55 | 2/2/2012 | Trade Centre South, Suite 700 | 100 West Cypress Creek Road | Ft Lauderdale | FL | 33309 |
| Greenspoon Marder, P.A. | | 5,507.55 | | | | | | |
| Greenspoon Marder, P.A. | Total | 5,507.55 | | | | | | |
| Guardian Dental | | 27,920.83 | 2/9/2012 | P.O. Box 677458 | | Dallas | TX | 75267-7458 |
| Guardian Dental | Total | 27,920.83 | | | | | | |
| Hometown Communities Limited Partnership | | 8,689.89 | 2/8/2012 | 150 N. Wacker Drive, Suite 2800 | | Chicago | IL | 60606 |

In re CAPITOL INFRASTRUCTURE LLC,
Debtor

Case No. 12-11362 (KG)
(If known)

| Vendor Name | | Amount paid | Date | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIPCODE |
|---|---|---|---|---|---|---|---|---|
| Hometown Communities Limited Partnership | | 8,689.89 | | | | Dover | DE | 19901 |
| Incorporating Services, Ltd. | | 6,966.25 | 2/10/2012 | 3500 South Dupont Hwy. | | Dover | DE | 19901 |
| Incorporating Services, Ltd. | Total | 6,966.25 | | | | | | |
| Independence Hill MHC, LLC | | 43,645.00 | 2/8/2012 | 8833 Gross Point Road | Suite 310 | Skokie | IL | 60077 |
| Independence Hill MHC, LLC | Total | 43,645.00 | | | | | | |
| Level 3 Communications | | 46,890.66 | 2/10/2012 | PO BOX 931843 | | Atlanta | GA | 31193-1843 |
| Level 3 Communications | | 52,665.28 | 3/19/2012 | PO BOX 931843 | | Atlanta | GA | 31193-1843 |
| Level 3 Communications | Total | 99,555.94 | | | | | | |
| McIntyre & Company, LLC | | 25,000.00 | 2/2/2012 | 4104 Cherry Blossom Circle | | Durham | NC | 27713 |
| McIntyre & Company, LLC | Total | 25,000.00 | | | | | | |
| MHC Hillcrest Village, LLC. | | 7,449.78 | 2/8/2012 | Two North Riverside Plaza | Suite 800 | Chicago | IL | 60606 |
| MHC Hillcrest Village, LLC. | Total | 7,449.78 | | | | | | |
| MHC Holiday Hills Village, LLC. | | 8,965.56 | 2/8/2012 | Two North Riverside Plaza | Suite 800 | Chicago | IL | 60606 |
| MHC Holiday Hills Village, LLC. | Total | 8,965.56 | | | | | | |
| Oxford Township Treasurer | | 6,382.68 | 2/2/2012 | PO BOX 3 | | Oxford | Michigan | 48371-0003 |
| Oxford Township Treasurer | Total | 6,382.68 | | | | | | |
| Miami Riverfront Partners, LLC | | 8,113.50 | 2/8/2012 | 185 SW 7th Street | Suite 1200 | Miami, | FL | 33130 |
| Miami Riverfront Partners, LLC | Total | 8,113.50 | | | | | | |
| Moss & Barnet, P.A. | | 11,460.44 | 2/2/2012 | 4800 Wells Fargo Center | | Minneapolis | MN | 55402 |
| Moss & Barnet, P.A. | Total | 11,460.44 | | | | | | |
| Paetec | | 5,495.00 | 2/20/2012 | PO Box 9001111 | | Louisville | KY | 40290 |
| Paetec | Total | 5,495.00 | | | | | | |
| PFFS Crossroads Corporation | | 48,654.96 | 1/26/2012 | PO Box 602049 | | Charlotte | NC | 28262 |
| PFFS Crossroads Corporation | Total | 48,654.96 | | | | | | |
| River Valley Village Mobile Home Park, LLP | | 41,600.00 | 2/8/2012 | 2 West Dry Creek Circle | Suite 200 | Littleton | CO | 80120 |
| River Valley Village Mobile Home Park, LLP | Total | 41,600.00 | | | | | | |
| Scottsbluff, LLP | | 22,801.45 | 2/2/2012 | 2 West Dry Creek Circle | Suite 200 | Littleton | CO | 80120 |
| Scottsbluff, LLP | Total | 22,801.45 | | | | | | |
| Southern California Edison | | 9,293.56 | 2/13/2012 | PO Box 300 | | Rosemead | CA | 91772-0001 |
| Southern California Edison | | 8,537.11 | 3/13/2012 | PO Box 300 | | Rosemead | CA | 91772-0001 |
| Southern California Edison | | 8,286.64 | 4/13/2012 | PO Box 300 | | Rosemead | CA | 91772-0001 |
| Southern California Edison | Total | 26,117.31 | | | | | | |
| Spire Denver, LLC | | 20,700.00 | 2/10/2012 | 1899 Wynkoop Street | Suite 425 | Denver | Colorado | 80202 |
| Spire Denver, LLC | Total | 20,700.00 | | | | | | |
| Stagecoach of Pueblo, LLC | | 28,400.00 | 2/7/2012 | PO Box 457 | | Cedaredge | CO | 81413 |
| Stagecoach of Pueblo, LLC | Total | 28,400.00 | | | | | | |
| Sun Communities, Inc. | | 27,009.87 | 2/8/2012 | 27777 Franklin Road | Suite 200 | Southfield | MI | 48034 |
| Sun Communities, Inc. | Total | 27,009.87 | | | | | | |
| TDI Willow Creek Property, LLC | | 6,290.00 | 2/8/2012 | 1990 S. Bundy Drive | Suite 250 | Los Angeles | CA | 90025 |
| TDI Willow Creek Property, LLC | Total | 6,290.00 | | | | | | |
| Terremark North America, Inc. | | 16,955.53 | 2/9/2012 | PO BOX 864416 | | ORLANDO | FL | 32886-4416 |
| Terremark North America, Inc. | | 21,283.75 | 2/22/2012 | PO BOX 864416 | | ORLANDO | FL | 32886-4416 |
| Terremark North America, Inc. | Total | 38,239.28 | | | | | | |
| Troutman Sanders, LLP | | 7,144.00 | 2/2/2012 | 1001 Haxall Point | P.O. Box 1122 | Richmond | VA | 23218-1122 |
| Troutman Sanders, LLP | Total | 7,144.00 | | | | | | |
| UPS | | 9,537.86 | 2/20/2012 | P.O. Box 7247-0244 | | Philadelphia | PA | 191700001 |
| UPS | | 16,237.30 | 2/7/2012 | P.O. Box 7247-0244 | | Philadelphia | PA | 191700001 |
| UPS | Total | 25,775.16 | | | | | | |

Exhibit to B7

In re CAPITOL INFRASTRUCTURE LLC

**Debtor**

Case No. 12-11362 (KG)
(If known)

| Vendor Name | | Amount paid | Date | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIPCODE |
|---|---|---|---|---|---|---|---|---|
| USAble | | 66,320.70 | 3/30/2012 | P.O. Box 8186 | | Little Rock | Arkansas | 72203-8186 |
| USAble | Total | 66,320.70 | | | | | | |
| Verizon | | 13,194.03 | 2/9/2012 | P.O. Box 4836 | | Trenton | NJ | 08650-4836 |
| Verizon | | 7,048.54 | 3/29/2012 | P.O. Box 4836 | | Trenton | NJ | 08650-4836 |
| Verizon | | 13,174.19 | 4/24/2012 | P.O. Box 4836 | | Trenton | NJ | 08650-4836 |
| Verizon | Total | 33,416.76 | | | | | | |
| Verizon Wireless | | 9,194.32 | 2/9/2012 | PO BOX 660108 | | Dallas | TX | 75266-0108 |
| Verizon Wireless | Total | 9,194.32 | | | | | | |
| Wells Fargo Financial Capital Finance | | 30,323.48 | 3/28/2012 | Accounts Receivable | PO Box 7777 | San Francisco | CA | 94120-7777 |
| Wells Fargo Financial Capital Finance | Total | 30,323.48 | | | | | | |
| Westside Communications, LLC | | 26,673.00 | 2/8/2012 | 4776 New Broad St. | Suite 250 | Orlando, | FL | 32814 |
| Westside Communications, LLC | Total | 26,673.00 | | | | | | |
| Willow Hill MHC, LLC | | 7,800.00 | 2/8/2012 | 2 West Dry Creek Circle | Suite 200 | Littleton | CO | 80120 |
| Willow Hill MHC, LLC | Total | 7,800.00 | | | | | | |
| Windstream Communications | | 5670.03 | | PO BOX 580451 | | Charlotte | NC | 28258-0451 |
| Windstream Communications | Total | 5670.03 | | | | | | |
| WorkComp Premium Recovery Group | | 7228.79 | | P.O. Box 370254 | | Denver | CO | 80237-0254 |
| WorkComp Premium Recovery Group | Total | 7228.79 | | | | | | |
| Wyoming Department of Revenue | | 6238.64 | | 122 W. 25th Street, 2W | | Cheyenne | WY | 82002-0110 |
| Wyoming Department of Revenue | Total | 6238.64 | | | | | | |
| Wyrick Robbins Yates & Ponton LLP | | 31793.38 | | PO Drawer 17803 | | Raleigh, | NC | 27619-7803 |
| Wyrick Robbins Yates & Ponton LLP | | 31307.45 | | PO Drawer 17803 | | Raleigh, | NC | 27619-7803 |
| Wyrick Robbins Yates & Ponton LLP | | 35000 | | PO Drawer 17803 | | Raleigh, | NC | 27619-7803 |
| Wyrick Robbins Yates & Ponton LLP | | 6000 | | PO Drawer 17803 | | Raleigh, | NC | 27619-7803 |
| Wyrick Robbins Yates & Ponton LLP | | 25000 | | PO Drawer 17803 | | Raleigh, | NC | 27619-7803 |
| Wyrick Robbins Yates & Ponton LLP | Total | 129100.83 | | | | | | |
| Yes Companies, LLC | | 10417.49 | | 2401 15th Street | Suite 350 | Denver | CO | 80202 |
| Yes Companies, LLC | Total | 10417.49 | | | | | | |
| ZURICH NORTH AMERICA | | 43561.18 | | 8712 INNOVATION WAY | | CHICAGO | IL | 60682-0087 |
| ZURICH NORTH AMERICA | | 43561.18 | | 8712 INNOVATION WAY | | CHICAGO | IL | 60682-0087 |
| ZURICH NORTH AMERICA | | 43561.18 | | 8712 INNOVATION WAY | | CHICAGO | IL | 60682-0087 |
| ZURICH NORTH AMERICA | Total | 130683.54 | | | | | | |
| | | 2420478.87 | | | | | | |

3.c Payments to Creditors

In re                    CAPITOL INFRASTRUCTURE LLC                                          Case No.              12-11362 (KG)
                         Debtor                                                                                    (If known)

CONNEXION -120

| Debtor | Creditor | Relationship to Debtor/Job Title | Dates of Payment | Total Amount Paid | Amount Owing |
|---|---|---|---|---|---|
| | Bullock, Jonathan | Attorney | 04/16/2011 - 12/22/2011 | $58,831 | $0 |
| | Ley, Peter D | Chief Financial Officer | 04/16/2011 - 12/22/2011 | $242,149 | $0 |
| | Daniels, Walter | Executive Vice President | 04/16/2011 - 12/22/2011 | $204,914 | $0 |
| | Van Kleeck, Wendy | Paralegal | 04/16/2011 - 12/22/2011 | $42,846 | $0 |
| | Donahoe, Donald | VP - Business Intel & Treasury | 04/16/2011 - 12/22/2011 | $113,284 | $0 |
| | Teague, Carter | EO / VP - Sales & Mktg | 04/16/2011 - 12/22/2011 | $189,372 | $0 |

In general, these amounts represent wages, bonuses, 401k, and long-term disability insurance.
Bonuses paid in Q2 2011 related to 2010. No subsequent bonuses have been paid.

| Intercompany Entity | Address | Date of Payment | Payments | |
|---|---|---|---|---|
| Accelera Services, LLC | 111 Corning Road, Suite 250, Cary, NC 27518 | 04/26/11 - 04/25/12 | 10,806,083.39 | (1) |
| Baldwin County Internet, LLC | 111 Corning Road, Suite 250, Cary, NC 27518 | 04/26/11 - 04/25/12 | 116,622.36 | (2) |
| Broadstar, LLC dba Primecast | 111 Corning Road, Suite 250, Cary, NC 27518 | 04/26/11 - 04/25/12 | 555,901.85 | (3) |
| Capitol Broadband Development Company, LLC | 111 Corning Road, Suite 250, Cary, NC 27518 | 04/26/11 - 04/25/12 | 26,533,385.36 | (4) |
| Capitol Broadband, LLC | 111 Corning Road, Suite 250, Cary, NC 27518 | 04/26/11 - 04/25/12 | 36,718,000.00 | (5) |
| Capitol Broadband Ventures, LLC | 111 Corning Road, Suite 250, Cary, NC 27518 | 04/26/11 - 04/25/12 | 100,000.00 | (6) |
| SmartResortCo, LLC | 111 Corning Road, Suite 250, Cary, NC 27518 | 04/26/11 - 04/25/12 | 484,799.66 | (7) |

Total Capitol Infrastructure, LLC dba Connexion Technologies                                75,314,792.62

(1) Management and Maintenance Fees
(2) Reimbursement of expenses paid by BCI
(3) Payment to Service Provider from HOA receipts
(4) Purchase of completed properties infrastructure
(5) Transfer of Loan Proceeds
(6) Intercompany Funding
(7) Payment to Service Provider from HOA receipts

Exhibit C-87

In re: CAPITOL INFRASTRUCTURE LLC, Debtor

Case No. 12-11362-KG (if known)

4.a Suits & admin. proceedings

| Case Number | Suit Caption | Nature of Proceeding | Claim | Court/Agency | Location | State |
|---|---|---|---|---|---|---|
| Case No. 12-cv-231 | BUFFY MADISON Plaintiff, v. CONNEXION TECHNOLOGIES, Defendant | Rights Enforcement | Warn Act Violation and Wage and Hour Violation | UNITED STATES DISTRICT COURT | Southern District of Alabama - Southern Division | AL |
| Case No. 12 CVS 4447 | Zebra Point Solutions Inc. v. Capitol Infrastructure LLC d/b/a Connexion Technologies | Collection | Connexion owes more than $125,000 on an open account | SUPERIOR COURT | Wake County, North Carolina | NC |
| Case No. 6:11-cv-1112-ORL-31KRS | CAPITOL INFRASTRUCTURE, LLC, a North Carolina limited liability company, d/b/a CONNEXION TECHNOLOGIES, vs. BRIGHT HOUSE NETWORKS, LLC, a Delaware limited liability company | Rights Enforcement | | UNITED STATES DISTRICT COURT | Middle District of Florida - Orlando Division | FL |
| Case No. 8:11-cv-01494-JDW-TBM | CAPITOL INFRASTRUCTURE, LLC, a North Carolina limited liability company, d/b/a CONNEXION TECHNOLOGIES, vs. BRIGHT HOUSE NETWORKS, LLC, a Delaware limited liability company | Rights Enforcement | | UNITED STATES DISTRICT COURT | Middle District of Florida - Tampa Division | FL |
| Case No. 6:11-CV-01111-ORL-28DAB | CAPITOL INFRASTRUCTURE, LLC, a North Carolina limited liability company, CAPITOL INFRASTRUCTURE OF FUNDING, LLC, and INFRASTRUCTURE CAPITAL... a Delaware limited liability company, a Florida non-profit corporation OSCEOLA COUNTY HOMEOWNERS ASSOCIATION, INC., a Florida non-profit corporation | Rights Enforcement | | UNITED STATES DISTRICT COURT | Middle District of Florida - Orlando Division | FL |
| Case No. 2010-1669 | TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP, d/b/a TIME WARNER CABLE Plaintiff, vs. SUN COMMUNITIES OPERATING LIMITED PARTNERSHIP, d/b/a SUN COMMUNITIES, Defendant, CAPITOL INFRASTRUCTURE, LLC, d/b/a CONNEXION TECHNOLOGIES, Intervenor | Rights Enforcement | | UNITED STATES DISTRICT COURT | Wyandotte County, Kansas | KS |
| Case No. 10 CVH 10 1559 | Capitol Infrastructure, LLC d/b/a Connexion Technologies, et al., v. Plaintiffs/Counterclaim Defendants, Time Warner Cable, LLC, v. Defendant/Counterclaim Plaintiff, Sun Ravenox, Treasurer Delaware County, et al., Counterclaim Defendants | Rights Enforcement | | COURT OF COMMON PLEAS | Delaware County, Ohio | OH |
| Case No. (after intra-district transfer) 4:11-cv-04058-MHM-JAG | Capitol Infrastructure, LLC d/b/a Connexion Technologies and Sun Secured Financing, LLC v. Mediacom Communications | Rights Enforcement | | UNITED STATES DISTRICT COURT | Central District of Illinois | IL |
| Case No. 10 CVH 10 1559 | Capitol Infrastructure, LLC d/b/a Connexion Technologies v. Charter Communications, Inc. and CC VII Operating, LLC | Rights Enforcement | | COURT OF COMMON PLEAS | Delaware County, Ohio | OH |
| Docket No. P561/CC-11-213 | In the Matter of Charter Fiberlink CC-VIII, LLC. Complaint Against Capitol Infrastructure, LLC d/b/a Connexion Technologies, Broadstar, LLC, d/b/a Firmecast, Mobile Estates, LLC and Riverstone Communities, LLC | Rights Enforcement | | Minnesota Public Utilities Commission | District of Minnesota | MN |
| Case No. 3:11-cv-00001-JEG-TJS | Capitol Infrastructure, LLC d/b/a Connexion Technologies v. Mediacom Communication Corporation, Mediacom Iowa, LLC, Mediacom Broadband, LLC and MCC Iowa, LLC | Rights Enforcement | | UNITED STATES DISTRICT COURT | Southern District of Iowa - Davenport Division | IA |
| Case No. 4:11-cv-00005-JEG-TJS | Capitol Infrastructure, LLC d/b/a Connexion Technologies v. Mediacom Communication Corporation, Mediacom Iowa, LLC, Mediacom Broadband, LLC and MCC Iowa, LLC | Rights Enforcement | | UNITED STATES DISTRICT COURT | Southern District of Iowa - Central Division | IA |
| Case No. EQCE67333 | Capitol Infrastructure, LLC d/b/a Connexion Technologies v. MCC Iowa, LLC | Rights Enforcement | | UNITED STATES DISTRICT COURT | Polk County, Iowa | IA |
| Docket No. RCU-2010-0015 | In the MCC Telephony of Iowa, LLC and MCC Iowa LLC v. Capitol Infrastructure, LLC d/b/a Connexion Technologies and Firmecast LLC | Rights Enforcement | | State of Iowa Department of Commerce - Iowa Utilities Board | | IA |
| Case No. 10-04171S-CI | Capitol Infrastructure, LLC d/b/a Connexion Technologies v. Bright House Network, LLC and Bright House Networks Information Services (Florida), LLC | Rights Enforcement | | State Court of Florida | Pinellas County, Florida | FL |
| Case No. 2010-CA-10901 | Capitol Infrastructure, LLC d/b/a Connexion Technologies and Sun Arbor Terrace, LLC v. Bright House Networks, LLC and Bright House Networks Information Services (Florida), LLC | Rights Enforcement | | State Court of Florida | Manatee County, Florida | FL |
| Case No. 05-2010-CA-062444 | Capitol Infrastructure, LLC d/b/a Connexion Technologies v. Bright House Networks, LLC and Bright House Networks Information Services (Florida), LLC | Rights Enforcement | | State Court of Florida | Volusia County, Florida | FL |
| Case No. 10-1727CH-011 | Capitol Infrastructure, LLC d/b/a Connexion Technologies v. Bright House Networks, LLC and Bright House Networks Information Services (Florida), LLC | Rights Enforcement | | State Court of Florida | Brevard County, Florida | FL |
| Case No. 11CA1124-DK | Capitol Infrastructure, LLC d/b/a Connexion Technologies v. Eagle Bay Townhomes of Osceola County Homeowner's Association, Inc., Bright House Networks, LLC, Bright House Networks Information Services (Florida) LLC | Rights Enforcement | | State Court of Florida | Pinellas County, Florida | FL |
| Case No. 11-CvS-688 | Sasha Meadow Park LLC, a South Carolina Limited Liability Company, v. Charter Communications, Inc., a Delaware Corporation and Charter Communications, LLC, a Delaware Limited Liability Company | Rights Enforcement | | State Court of Florida | Osceola County, Florida | FL |
| Case No. TBD | Sasha Meadow Park LLC, a South Carolina Limited Liability Company, v. Charter Communications, Inc., a Delaware Corporation and Charter Communications, LLC, a Delaware Limited Liability Company | Rights Enforcement | | SUPERIOR COURT | New Hanover County, North Carolina | NC |
| Case No. TBD | Sun Village Town LLC, a Michigan limited liability company, v. Charter Communications, Inc. a Delaware corporation, and CC MICHIGAN, LLC, a Delaware limited liability company, d/b/a Charter Communication | Rights Enforcement | | UNITED STATES DISTRICT COURT | District of South Carolina - Greenville Division | SC |
| Case No. 11-14457-CX | COVAD Operating, LLC d/b/a Charter Communications v. Lara villa, LLC, Capitol Infrastructure, LLC d/b/a Connexion Technologies and Broadstar, LLC d/b/a Firmecast | Rights Enforcement | | CIRCUIT COURT | County of Montcalm, Michigan | MI |
| Case No. 11-10631-BAF-MAH | COVAD Operating, LLC d/b/a Charter Communications v. Lara villa, LLC, Capitol Infrastructure, LLC d/b/a Connexion Technologies and Broadstar, LLC d/b/a Firmecast | Rights Enforcement | | UNITED STATES DISTRICT COURT | Eastern District of Michigan - Southern Division | MI |

**In re**    CAPITOL INFRASTRUCTURE LLC,              **Case No.**    12-11362 (KG)
                    **Debtor**                                       **(If known)**

| Name and address of person for whose benefit property was seized | Date of Seizure | | Description and value of property |
|---|---|---|---|
| North Carolina Dept of Revenue | 8/10/2010 | $ 416.17 | Bank account |
| City of Rocky Mount | 2/21/2012 | $ 3,861.61 | Bank account |
| Johnston County | 5/3/2012 | $ 1,621.27 | Bank account |
| North Carolina Dept of Revenue | 4/23/2012 | $ 37,052.21 | Bank account |

CAPITOL INFRASTRUCTURE LLC

Exhibit to B7

9. Payments-bankruptcy counsel

**Case No.**

In re CAPITOL INFRASTRUCTURE LLC,
Debtor

12-11362 (KG)
(If known)

| Name of payee | Address of payee | Date of payment | Name of payer | Amount |
|---|---|---|---|---|
| Pepper Hamilton | 1313 Market St., Suite 5100 | 4/20/2012 | Connexion Technologies | 100,000.00 |
| Pepper Hamilton | 1313 Market St., Suite 5100 | 4/25/2012 | Connexion Technologies | 22,000.00 |
| Subtotal | | | | 122,000.00 |
| | | | | |
| HOWARD STALLINGS | 5410 Trinity Road, Suite 210 | 3/12/2012 | Capitol Broadband | 10,000.00 |
| HOWARD STALLINGS | 5410 Trinity Road, Suite 210 | 3/15/2012 | Capitol Broadband | 10,000.00 |
| HOWARD STALLINGS | 5410 Trinity Road, Suite 210 | 3/27/2012 | Capitol Broadband | 10,000.00 |
| HOWARD STALLINGS | 5410 Trinity Road, Suite 210 | 4/18/2012 | Capitol Broadband | 8,000.00 |
| Subtotal | | | | 38,000.00 |
| | | | | |
| Finley Group | 6100 Fairview Road | 3/27/2012 | Capitol Broadband | 15,000.00 |
| Finley Group | 6100 Fairview Road | 4/3/2012 | Capitol Broadband | 15,000.00 |
| Finley Group | 6100 Fairview Road | 4/10/2012 | Capitol Broadband | 15,000.00 |
| Finley Group | 6100 Fairview Road | 4/17/2012 | Capitol Broadband | 15,000.00 |
| Finley Group | 6100 Fairview Road | 4/24/2012 | Capitol Broadband | 4,000.00 |
| Finley Group | 6100 Fairview Road | 4/26/2012 | Capitol Broadband | 4,000.00 |
| Subtotal | | | | 68,000.00 |
| | | | | |
| Williams, Mullen, Clark & Dobbins | PO BOX 91719 | 3/15/2012 | Primecast | 10,000 |
| Williams, Mullen, Clark & Dobbins | PO BOX 91719 | 3/16/2012 | Primecast | 10,000 |
| Williams, Mullen, Clark & Dobbins | PO BOX 91719 | 4/11/2012 | Primecast | 20,000 |
| Subtotal | | | | 40,000 |
| | | | | |
| Williams, Mullen, Clark & Dobbins | PO BOX 91719 | 3/16/2012 | Beyond Communications | 10,000 |

CAPITOL INFRASTRUCTURE LLC

Exhibit to B7

10a. Other transfers

In re    CAPITOL INFRASTRUCTURE LLC,    Case No.    12-11362 (KG)
                    Debtor                                    (If known)

| Name and address of transferee | Relationship to debtor | Date | Describe property transferred and value received |
|---|---|---|---|
| | | | |

Note:
Laptops, monitors, mice, keyboards, docking stations and other peripherals were given to certain employees laid off approximately 90 days prior to commencement of the case because of the companies' inability to pay severance.
Actual unites not quantified but approximately 272 employees were let go.
Value of equipment was between $200 to $600 per employee.

CAPITOL INFRASTRUCTURE LLC

Exhibit to B7

13. Setoffs

**In re**  CAPITOL INFRASTRUCTURE LLC,    Case No.    12-11362 (KG)
                Debtor                                    (If known)

| Name and address of creditor | Date of setoff | Amount of setoff |
|---|---|---|
| Golden Rain Foundation of Laguna Woods 24351 El Toro Road, Laguna Woods, CA, 92637 | 3/29/2012 | $ 703,664.00 |

Note:

DirecTV has asserted offsets related to various contracts. No accounting has been provided. The amount of such offset cannot be determined at this time.

CAPITOL INFRASTRUCTURE LLC

Exhibit to B7

14. Property held for others

In re   CAPITOL INFRASTRUCTURE LLC
        Debtor

Case No.   12-11362 (KG)
           (If known)

| Homeowner's Association | Holding entity | Beyond | Primecast | CenturyLink | Hargray | Windstream | Balance as of 04/25/12 |
|---|---|---|---|---|---|---|---|
| Belvedere Neighborhood Association, Inc. | Capitol Infrastructure | | 3,198.27 | | | | 3,198.27 |
| Carothers Crossing Neighborhood Association, Inc. | Capitol Infrastructure | 22,561.81 | | | | | 22,561.81 |
| Heritage at New Riverside Community Association, Inc. | Capitol Infrastructure | | | | 75,651.05 | | 75,651.05 |
| HighPointe of Clemson Mgmt Co - Bulk | Capitol Infrastructure | | 10,288.96 | | | | 10,288.96 |
| Meadow Creek Property Management | Capitol Infrastructure | | (6,124.54) | | | | (6,124.54) |
| Meeting Street at Grand Oaks Homeowners Association, Inc. | Capitol Infrastructure | | | | | | - |
| Powell Place Community Association | Capitol Infrastructure | 10,527.38 | | | | | 10,527.38 |
| Skyline | Capitol Infrastructure | | 8,100.00 | | | | 8,100.00 |
| Somerby of Mount Pleasant | Capitol Infrastructure | 31,049.48 | | | | | 31,049.48 |
| Summerwind Plantation Homeowners Association | Capitol Infrastructure | 6,935.92 | | | | | 6,935.92 |
| The Dunham Marsh HOA | Capitol Infrastructure | 3,800.29 | | 8,024.43 | | | 11,824.72 |
| Trump Hollywood | Capitol Infrastructure | | 9,241.12 | | | | 9,241.12 |
| Tunica National Community Association, Inc. | Capitol Infrastructure | | 846.89 | | | | 846.89 |
| Verdae Owners Association | Capitol Infrastructure | | | | | 1,139.68 | 1,139.68 |
| Villages at Copperstone Homeowner's Association, Inc. | Capitol Infrastructure | | | | | | - |
| Villages of Apex Master Association Inc | Capitol Infrastructure | | 29,118.84 | | | | 29,118.84 |
| Wyndham South Homeowner's Association, Inc. | Capitol Infrastructure | | 7,693.78 | | | | 7,693.78 |

The forgoing monies are collected pursuant to a clearinghouse agreement.
The money is owned by the various distributees under those agreements, which will include Capitol Infrastructure, the respective service providers, and the property owner.
In most cases the money is held in Capitol Infrastructure's checking account with US Bank in Charlotte, NC.
The debtors reserve all rights and arguments with respect to its interest in the monies above.

Notes:
Customer deposits have been applied against unpaid due amounts from customers.
The company at this point in time is unable to determine whether there is any balance of refundable customer deposits due to
terminations by customers, interruptions and interference by third party vendors, or billing problems.
On some properties Capitol Infrastructure served as a clearinghouse entity.

Exhibit to B7

18.a Nature, location and name

In re CAPITOL INFRASTRUCTURE LLC
Debtor

Case No. 12-11362 (KG)
(if known)

| Entity | Management | Current Principal Address | Member(s) | Purpose | FEIN |
|---|---|---|---|---|---|
| Capitol Infrastructure, LLC (dba Connexion Technologies) | Member Managed | 111 Corning Road, Suite 250 Cary, NC 27518 | Capitol Broadband, LLC | Infrastructure Facilities Provider | 27-4400323 |

19.a books, records & fin stats

**In re**   <u>CAPITOL INFRASTRUCTURE LLC,</u>          **Case No.**   <u>12-11362 (KG)</u>
          **Debtor**                                                    **(If known)**

| Name and address | Dates services rendered |
|---|---|
| Rick Bennett<br>Vice President/CAO<br>Connexion Technologies<br>111 Corning Road, Suite 250<br>Cary, NC 27518 | 03/01/2010 to 04/17/2012 |
| Judy Meehan<br>Controller<br>Connexion Technologies<br>111 Corning Road, Suite 250<br>Cary, NC 27518 | 01/01/2011 to 04/26/2012 |

**In re** <u>CAPITOL INFRASTRUCTURE LLC,</u>        **Case No.**   <u>12-11362 (KG)</u>
              **Debtor**                                          **(If known)**

| Dates services rendered | Name and address | Entity |
| --- | --- | --- |
| 05/01/2011 to 12/31/2011 | BDO<br>5430 Wade Park Blvd.<br>Suite 300<br>Raleigh, NC 27607 | Capitol Infrastructure |
| 11/19/2010 to 5/8/2011 | Ernst & Young<br>4130 ParkLake Avenue<br>Raleigh, NC 27612 | Capitol Infrastructure |

See also 19.a.

**In re**    <u>CAPITOL INFRASTRUCTURE LLC,</u>          **Case No.**    <u>12-11362 (KG)</u>
               **Debtor**                                                **(If known)**

**Note:**
Possession of the books by each individual company
No outside companies

**In re**      CAPITOL INFRASTRUCTURE LLC,                    **Case No.**   12-11362 (KG)
                    **Debtor**                                            **(If known)**

| Individual | Organization |
|---|---|
| Ryan Williams | Ernst & Young |
| Mark Jankiewicz | Ernst & Young |
| Jay Kilkenney | Finley Group |
| Billy Hampton | BDO |
| Gloria Franks | BDO |
| Christina Diaz | BDO |
| Michael Dannar | BDO |
| Richard Rowe | Unicredit |
| Dennis Cor | Unicredit |
| Michael Bengtson | US Bank |
| Mary Clark | US Bank |
| Annalee Moore | SAS |
| Donald Parker | SAS |
| William Floyd | Bank Of America |
| Thomas Faulk | Bank Of America |
| Todd Warrick | Capital Bank |
| Henry Kedzierski | CSC |
| Rob Weaver | Fifth Third Bank |
| Ian Macgregor | Fifth Third Bank |
| Steve Bullard | BB&T |
| Joel McIntyre | McIntyre & Co, LLC |
| Robert Maxfield | Mazuma Capital |
| Gilbert Menna | Goodwin Procter |
| Edward Petrosky | Sidley |
| Robert Bergdolt | DLA  Piper |
| Kari Stoltz | Bank Of America |
| James Scott | Bank Of America |
| Gabriella Skirnick | Goldman Sachs |
| Randy Irby | Zurich |
| Roman Braslavsky | Morgan Stanley |
| Roey Eyal | Deutsche Bank |
| Austin Koon | Jones, Lang, LaSalle |
| Todd Malloy | Cisco |
| Sean Stone | Mid Atlantic |
| Chris Stoecker | Mid Atlantic |
| Jessica Augustine | Ernst & Young |
| Joshua Allerson | US Bank |
| Anthony Letrent | Regions Bank |
| Badge Stone | Heelhorn |
| Kris Alexander | SMC (Erickson) |

CAPITOL INFRASTRUCTURE LLC

**In re**   <u>CAPITOL INFRASTRUCTURE LLC,</u>        **Case No.**   <u>12-11362 (KG)</u>
         **Debtor**                                  **(If known)**

| Individual | Organization |
|---|---|
| David Bergeran | Level 3 |
| Russ Fallis | Fifth Third Bank |
| Laura Browning | Snell and Wilmer |
| J.Kelly Lanier | Romeo Wiggins |
| Patrick Thornton | JP Morgan |
| Ashley Rose | Enterprise |
| Kevin Theobald | Arthur J. Gallagher |
| Kenny Gunderman | Stephens |
| Chad Crank | Stephens |
| Matthew Dement | Stephens |
| Davidson Hall | Stephens |
| Jae Lee | Stephens |
| Barry Fitzgerald | Alcatel Lucent |
| Dewayne Southern | Grant Thornton |
| Michael DeBender | Wells Fargo |
| Mary Rhodes | Wells Fargo |
| Tammy Coolidge | Arthur J. Gallagher |
| Unknown | American Land Lease |
| Ryan Knievel | Richdale |

Exhibit to B7

21.b Current Partners, Officers

In re    CAPITOL INFRASTRUCTURE LLC

Debtor

Case No.    12-11362 (KG)

(If known)

| Entity | Owner | Management | Current Principal Address | Manager(s) | Officers |
|---|---|---|---|---|---|
| Capitol Infrastructure, LLC (dba Connexion Technologies) | Capitol Broadband, LLC - 100% | Member Managed | 111 Corning Road, Suite 250 Cary, NC 27518 | Capitol Broadband, LLC | Glen D. Lang - CEO & President Walter Daniels - CLO, General Counsel & Secretary Peter Ley - CFO Matt L. Springer -EVP Steve Jones - VP John Lindsey - Asst Secretary |

CAPITOL INFRASTRUCTURE LLC

Exhibit to B7

22.b Former Partners, Officers

In re CAPITOL INFRASTRUCTURE LLC,   Case No.   12-11362 (KG)
Debtor                                         (If known)

| Entity | Former Manager | Former Member | Former Officers |
|--------|----------------|---------------|-----------------|
| Capitol Infrastructure, LLC (dba Connexion Technologies) | | | Carter Steg - VP Business Operations |

CAPITOL INFRASTRUCTURE LLC

Exhibit to B7

23. Withdrawals & distributions

**In re**    CAPITOL INFRASTRUCTURE LLC,        **Case No.**    12-11362 (KG)
             **Debtor**                                          **(If known)**

Pursuant to a 2010 put option pursuant to which SmartResortCo, LLC was purchased by Capitol Broadband Ventures, LLC, Maxco, LLC, which is owned by Max Kipfer, was paid $57,000.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CAPITOL INFRASTRUCTURE, LLC, et al.,[1] | Case No. 12-11362-KG |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors-in-possession (each individually a "***Debtor***," and collectively, the "***Debtors***"), are filing their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***," and collectively with the Schedules, the "***Schedules and Statements***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"). The Debtors prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.* as amended, the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

On April 26, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Unless specifically noted otherwise, all amounts listed in the Schedules and Statements are as of the Petition Date.

A description of the Debtors' business, capital structure, and the circumstances leading to the chapter 11 filings is set forth in the Declaration of Glen D. Lang in Support of Chapter 11 Petitions and First Day Motions (the "***First Day Declaration***"), which was filed on the Petition Date.

Glen D. Lang, as Chief Executive Officer and Manager of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Lang has necessarily relied upon the efforts, statements, and representations of various personnel of

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): Accelera Services, LLC (6589); Amenity Broadband, LLC (7012); BA Infrastructure SPE, LLC (6610); Baldwin County Internet/DSSI Service, L.L.C. (8858); Broadstar, LLC (8917); Capitol Broadband Development Company, LLC (4515); Capitol Broadband Management Corporation (4260); Capitol Broadband Ventures, LLC (3976); Capitol Infrastructure, LLC (0323); Capitol Infrastructure CP Funding, LLC (1008); CB Infrastructure SPE, LLC (4470); Infrastructure SPE, LLC (1144); and SMARTRESORT CO., L.L.C. (3706). The Debtors' corporate headquarters is located at 111 Corning Road, Suite 250, Cary, NC 27518.

[2] Debtor Capitol Broadband Management Corporation filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 28, 2012.

-1-

the Debtors.  Mr. Lang has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements of Financial Affairs (the "*Global Notes*") pertain to, are incorporated by reference in, and comprise an integral part of <u>all</u> of the Schedules and Statements.  The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[3]  In the event that the Schedules and Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors have made reasonable and good faith efforts to ensure the accuracy and completeness of such financial information.  However, further research or discovery may identify subsequent information that may result in changes to the Schedules and Statements and inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements, as necessary and appropriate.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving objections to claims, equitable subordination, offsets or defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), nor are they intended to be fully reconciled to or with the Debtors' financial statements.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or any time prior to the Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

---

[3]  These Global Notes are in addition to any specific notes contained in each Debtor's Schedules and Statements.  The fact that the Debtors have prepared a "Specific Note" with respect only to specific Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Specific Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

-2-

1.    **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a.    <u>Amendments and Supplements</u>.  While the Debtors made reasonable and good faith efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements, as necessary and appropriate.

    b.    <u>Bankruptcy Court Orders</u>.  Pursuant to various orders entered by the Bankruptcy Court (collectively, the "***First Day Orders***"), the Debtors are authorized to pay certain outstanding pre-Petition Date claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain taxes and certain obligations to customers.  Certain pre-Petition Date claims that have been subsequently paid pursuant to the First Day Orders have not been listed in the applicable Schedules and Statements.  However, despite the Debtors' good faith efforts to account for the satisfaction of such claims pursuant to the First Day Orders, the claims listed in the Schedules and Statements may not reflect amounts paid pursuant to these various First Day Orders as such claims were unpaid as of the Petition Date.  Moreover, to the extent such claims are listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements and/or subsequently object to such claims on any basis, including that such claims have already been satisfied through payments with respect to the First Day Orders.

    c.    <u>Claims Description</u>.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute any claim, whether reflected on their respective Schedules and Statements or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."  Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

    d.    <u>Classifications</u>. Listing a claim or contract (1) on Schedule D as "secured," (2) on Schedule F as "unsecured," or (3) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

    e.    <u>Causes of Action</u>.  Because they are still evaluating potential causes of action against third parties, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.  The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements, and no failure to list any causes of action in the Schedules and Statements, shall

be deemed a waiver of any such causes of action. Similarly, in instances where the Debtors are defendants in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtors' defenses, objection and other rights with respect to such causes of action are hereby preserved.

f.  <u>Confidential, Private, and Commercially Sensitive Information</u>.  In certain instances, the Debtors may have redacted or consolidated certain information in the Schedules and Statements due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information and/or concerns for the privacy of an individual.  In addition, in certain instances, the sensitivity of such information may require its omission from the Schedules and Statements.  To the extent possible, any such redactions, consolidations and omissions have been limited to the extent determined by the Debtors to be necessary or appropriate to protect the Debtors or third parties, while also providing interested parties with sufficient information in response to the Schedules and Statements.

g.  <u>Schedules and Statements Reflect Assets at Book Value</u>.  It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect the Debtors' assets at net book values as of the Petition Date. Market values of these assets may vary from the book value of such assets.

h.  <u>Estimates and Assumptions</u>.  In preparing the Schedules and Statements, the Debtors may have been required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure and potential values of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period.  All information provided is solely provided to the best of the Debtors' knowledge and ability at this time.  The Debtors reserve all rights to amend the reported amounts of assets, revenue and expenses to reflect changes in those estimates and assumptions.

i.  <u>Executory Contracts and Unexpired Leases</u>.  The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates.  The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims; as no such contracts and leases had been rejected by Court order on the Petition Date, and no rejection damages claims had been filed as of such date, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

j.     GAAP.  Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under GAAP, the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

k.     Insiders.  Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; (d) whether the Debtors or such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability, or for any other purpose; or (e) whether such person is, in fact, an "insider" of a particular Debtor.

l.     Liabilities.  The Debtors allocated liabilities between the pre-Petition Date and post-Petition Date periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the pre-Petition Date and post-Petition Date periods may change.  The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate.

m.     Recharacterization.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate as additional information becomes available, including, without limitation, whether contracts listed herein were executory as of the Petition Date or remain executory post-Petition Date and whether leases listed herein were unexpired as of the Petition Date or remain unexpired post-Petition Date.

n.     Credits and Adjustments.  The claims of individual creditors for, among other things, goods, products or services or taxes are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claim objections and/or setoffs with respect to the same.

o.     Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date.  To the extent there are unknown or undetermined amounts, and to

-5-

the extent the Debtors made post-Petition Date payments on pre-Petition Date claims pursuant to the First Day Orders or other order of the Bankruptcy Court, the actual total may be different than the listed total.

p.   <u>Entity Classification Issues</u>.   The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including but not limited to (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets may not be ascertainable given the consolidated manner in which the Debtors have operated certain aspects of their businesses; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

q.   <u>Excluded Assets and Liabilities</u>.   Liabilities resulting from accruals and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported and, therefore, do not represent specific claims as of the Petition Date and are not otherwise set forth in the Statements and Schedules. Additionally, certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only are not or may not be included in the Debtors' Schedules.

2.   **Specific Schedules and Statements Disclosures**

a.   <u>Schedule D</u> - Creditors Holding Secured Claims.   Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to or by a secured creditor listed on Schedule D.   Moreover, although the Debtors have scheduled claims as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court. The descriptions provided in Schedule D are intended to be a summary only.   In certain instances a Debtor may be a co-obligor or a guarantor with respect to scheduled claims of other Debtors.   Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

Further, reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature,

-6-

extent and priority of any liens. Nothing in the Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such agreements and related documents. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

b.    Schedule E - Creditors Holding Unsecured Priority Claims. The Debtors have authority to pay certain pre-Petition Date obligations, including the authority to pay employee wages, employee commissions and other employee benefits in the ordinary course of business, pursuant to Court order (the "***Employee Wages and Benefits Order***"). The Debtors have not listed on Schedule E any obligations related to the Employee Wages and Benefits Order for which the Debtors have authority to pay. The Debtors believe that all such claims have been or will be satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Employee Wages and Benefits Order.

Out of abundance of caution and in an effort to provide notice to all holders of potential priority tax claims, the Debtors have listed all potential holders of priority tax claims on Schedule E or Schedule F. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve the right to take the position that any claim listed herein is a secured claim, an unsecured or a subordinated claim.

c.    Schedule F - Creditors Holding Unsecured Claims. For a complete understanding of the unsecured debts of each Debtor, the reader should review Schedule F of each. Despite the Debtors' reasonable and good faith efforts to properly allocate liabilities, certain liabilities may have been allocated to certain Debtors which should have been allocated to a different Debtor. In order to determine the total liabilities of the Debtors, parties in interest should review each Schedule F for of all of the Debtors. To the extent the same claim may be listed on the Schedules and Statements of more than one Debtor, the Debtors do not admit or acknowledge that any creditor, other than creditors who have specific direct or guaranty obligations from more than one of the Debtors, is entitled to assert its claim against more than one Debtor.

Schedule F does not include rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected as of or after the Petition Date.

d.    Schedule G - Executory Contracts and Unexpired Leases. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have

occurred. The Debtors hereby reserves all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is otherwise valid or enforceable.

The omission of a contract or agreement on Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease, nor that such omitted contract or agreement was not in effect on the Petition Date or invalid or unenforceable. The Debtors reserve all rights to amend Schedule G to add executory contracts or unexpired leases or to challenge the legal status of any contract or lease, including the characterization of any lease as an unexpired nonresidential real property lease, or whether any listed contract, lease, or other agreement constitutes an executory contract or unexpired lease. Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

e.   <u>Statements Question 3(b) and (c)</u> - Payments to Creditors and Question 23 Distributions to an Insider. The Debtors' responses include payments made to certain persons who were listed out of an abundance of caution, and their status as an insider is still under review; the Debtors reserve all rights in this regard.

f.   The Debtors, their agents and their counsel do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors, their agents and their counsel expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors, their agents or their counsel be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost

business or lost profits), whether foreseeable or not and however caused, even if the Debtors, their agents or their counsel are advised of the possibility of such damages.

#16151753 v2