# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CAPITOL INFRASTRUCTURE, LLC. et al.[1] | Chapter 11 <br><br> Case No. 12-11362 (kg) <br><br> Jointly Administered <br><br> **Re Docket** No. 831 |

## CISCO SYSTEMS, INC.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ORDER APPROVING ALLOCATION AND DISTRIBUTION OF SALE PROCEEDS [Dkt 831]

Cisco Systems, Inc. ("Cisco") hereby objects (the "Limited Objection") to the entry of an order approving the Motion filed by Capitol Infrastructure, LLC and it related entities, the debtor and debtors in possession in the above-referenced cases (collectively, the "Debtors"), seeking approval of the allocation and distribution of sale proceeds (the "Allocation Motion") <u>to the extent that any order authorizing and approving the allocation and distribution of sale proceeds does not include the specific protections of Cisco's rights and interests as set forth hereinafter.</u>

This Limited Objection is based on the matters set forth herein, the files and records in this case, and such other and further evidence as may be submitted at or before the trial on this matter. Further, Cisco requests that the Court take judicial notice of the pleadings and other documents filed in this case, including but not limited to, the *Declaration Of Robert Aguinaga In Support Of Cisco Systems, Inc. Limited Objection And Reservation Of Rights To Debtors' Motion Seeking Entry Of An Order, Inter Alia, Approving*

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): Accelera Services, LLC (6589); Amenity Broadband, LLC (7012); BA Infrastructure SPE, LLC (6610); Baldwin County Internet/DSSI Service, L.L.C. (8858); Broadstar, LLC (8917); Capitol Broadband Development Company, LLC (4515); Capitol Broadband Management Corporation (4260); Capitol Broadband Ventures, LLC (3976); Capitol Infrastructure, LLC (0323); Capitol Infrastructure CP Funding, LLC (1008); CB Infrastructure SPE, LLC (4470); Infrastructure SPE, LLC (1144); and SmartResort Co., LLC (3706). The Debtors' corporate headquarters is located at 111 Corning Road, Suite 250, Cary, NC 27518.

Cisco's Limited Objection To Motion to Allocate and
Distribute Sale Proceeds [Dkt 831]
1

9868871v.1

*And Authorizing The Assumption And Assignment Of Executory Contracts [Dkt 11] And Notice of (I) Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases, (II) Proposed Cure Amounts in Connection with Executory Contracts and Unexpired Leases and (III) Requests for Adequate Assurance of Future Performance Concerning Hotwire Communications, Ltd. [Dkt 206]* (the "Aguinaga Declaration") *[Dkt 352 ]* and the facts set forth in the Court's orders, findings of fact and conclusions of law, as permitted by Rule 201 of the Federal Rules of Evidence ("FRE 201"), as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure ("FRBP 9017").

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, this matter a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF RELIEF REQUESTED BY CISCO

3. Cisco does not object *per se* to the proposed allocation and distribution of the sale proceeds pursuant to 11 U.S.C. §105(a), 361 and 363.

4. However, Cisco <u>does object to approval of the Allocation Motion unless</u>, as a condition precedent to the effectiveness of any allocation and distribution of sale proceeds by the Debtors and/or its representatives, <u>the order entered by the Court expressly provides as follows:</u> the Debtors attach Cisco's lien to the sale proceeds and the Debtors allocate sales proceeds to pay to Cisco the full value of its lien.

## GROUNDS FOR RELIEF

5. Cisco is incorporated in the State of California, and, among other activities, it provides certain design and development services (the "Services"), issues licenses of certain intellectual property (the "Licenses") and provides certain products to support such Services and Licenses (the "Cisco Products") to third parties. *See* Aguinaga Declaration at ¶2.

6. On April `26, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition in the above-captioned Court seeking relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and, continually since that date, the Debtor has operated as debtor-in-possession with respect to its bankruptcy estate.

7. Prior to the Petition Date, the Debtors placed those certain Purchase Orders Nos. CI0015090, CI0016505, CI0017000, CI0018001, CI0018858 and CI0017620 ("the Purchase Orders") with Cisco for Cisco Products and Services. Such Purchase Orders are governed by the terms and conditions of that certain *Commerce Agreement*, (collectively with the Purchase Orders, the "Cisco Contract"). (A true and accurate copy of the Cisco Contract is attached to the Aguinaga Declaration and incorporated by reference as if fully set forth herein).

8. Prior to the Petition Date, Cisco invoiced the Debtors with certain Invoice Nos. 117106150, 15200387, 15431677, 15462148, 15497058, 15506498, 15705525, and 15790988 (the "Invoices"). Such Invoices are governed by the terms and conditions of the Cisco Contract. A true and accurate copy of the Invoices are attached as Exhibit "B" to the Aguinaga Declaration and incorporated by reference as if fully set forth herein.

9. The Debtor seeks to allocate and distribute sales proceeds of assets to which Cisco has a secured lien attached.

10. The Debtors have failed to make all payments due and owing pursuant to the terms of the Cisco Contract. Accordingly, the aggregate monetary default under the Cisco Contracts from and after the Petition Date through the date of this Declaration is $495,957.27. This Amount is comprised of a) Invoices in the sum of $460,374.77 and b) interest in accordance with the Cisco Contract in the sum of $35,582.50 *See* Exhibit "C" attached to Aguinaga Declaration and incorporated by reference herein as if fully set forth.

11. In conjunction with the Cisco Contract, the Debtors granted certain security interest (collectively, the "Security Interests") in the collateral to Cisco and, thereafter, recorded certain financing statements and related documents (collectively, the "UCC Recorded Documents" in the public records of the jurisdiction(s) as described on "Exhibit D" to the Aguinaga Declaration) and thereby perfected the Security Interests. True and accurate copies are attached as part of Exhibit "D" to the Auginaga Declaration and incorporated by reference herein as if fully set forth.

12. Since Cisco's collateral may have been included in the assets sold to the Successful Purchasers as defined in the Allocation Motion, Cisco's lien attaches to the sale proceeds. Accordingly, Cisco is entitled to receive an allocation and distribution from the Sales Proceeds.

## RESERVATION OF RIGHTS

13. Without prejudice to any issues raised in, or remedies sought by, the Limited Objection, Cisco expressly reserves all rights, claims, causes of action, defenses and interests (collectively, the "Cisco Rights") pertaining to any and all other executory contracts and unexpired leases to which it is a non-debtor counterparty (individually, an "Excluded Cisco Contract" and,

collectively, the "Excluded Cisco Contracts"), but which has not been identified by the Debtors as a Cisco Contracts or lien, including but not limited to the right (a) to demand payment of any monetary default that exists with regard to any Excluded Cisco Contract, and (b) to file any motion hereinafter as it deems necessary with regard to the Cisco Rights, be reserved.

WHEREFORE, Cisco moves for entry of an order providing that, as a condition precedent to the effectiveness of any allocation and distribution of the Sales Proceeds by the Debtors:

(A) Cisco's secured lien attaches to the Sales Proceeds; and

(B) Any distribution or allocation of the Sales Proceeds includes satisfying Cisco for the full value of its lien;

(C) All rights, claims, causes of action, defenses and interests pertaining to any of the Cisco Contracts (and all Excluded Cisco Contracts, including, without limitation, the right (i) to demand payment of any monetary default that exists with regard to any Excluded Cisco Contract and (ii) to file any motion hereinafter as it deems necessary with regard to the Cisco Rights are preserved; and,

(D) Such other and further relief as may be appropriate under the circumstances.

Dated: August 27, 2012               Respectfully submitted,

/s/ James S. Yoder
James S. Yoder (#2643)
824 North Market Street, Suite 902
Wilmington, DE 19899-0709
Tel: (302) 467-4524
Fax: (302) 467-4554
Email: yoder@whiteandwilliams.com
*Attorneys for Cisco Systems Inc*

9868871v.1

BIALSON, BERGEN & SCHWAB
Gaye Nell Heck (*admitted in California*)
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Email: Gheck@bbslaw.com

*Attorneys for Cisco Systems Inc.*